THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**MEMORANDUM DECISION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTIONS TO DISMISS AND DISQUALIFY**

District Judge David Nuffer (sitting under designation from the Tenth Circuit Court of Appeals on Motions to Dismiss Indictment and Disqualify United States Attorney)

UNITED STATES OF AMERICA, Plaintiff,

v.

| | |
|---|---|
| JOE DANIEL GOMEZ, Defendant. | Case No. 1:25-cr-03351-MLG |
| SHELTON ATOLE, Defendant. | Case No. 1:25-cr-03360-MLG |
| DOUGLAS ALAN MAGNUSON, Defendant. | Case No. 1:25-cr-03856-KWR |
| HORACIO CHRISTOBAL LUCERO, Defendant. | Case No. 1:25-cr-03859-KWR |
| JUSTIN OTHERMEDICINE, Defendant. | Case No. 1:25-cr-03860-DHU |
| PAUL JOHN GALLEGOS, Defendant. | Case No. 1:25-cr-03863-DHU |
| ERNESTO MANUEL URIOSTE, Defendant. | Case No. 1:25-cr-04140-KG |
| TJ JAMES, Defendant. | Case No. 1:25-cr-04142-KWR |
| JAMIE ESTRADA, Defendant. | Case No. 1:25-cr-04147-DHU |
| DESHAWN ROBERTSON, Defendant. | Case No. 1:25-cr-04407-MLG |
| KYLE WHITEEAGLE, Defendant. | Case No. 1:25-cr-04650-DHU |
| TALELE MIKA, Defendant. | Case No. 1:25-cr-04824-DHU |
| RANDALL PABLO, Defendant. | Case No. 1:25-cr-05037-DHU |
| DANIEL GULIFORD, Defendant. | Case No. 1:25-cr-05049-JB |

Defendants have criminal cases pending against them in the District of New Mexico.[1] In each of the cases, Defendants filed nearly identical motions seeking dismissal of their

---

[1] Indictment, ECF no. 4 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Aug. 26, 2025; Indictment, ECF no. 2 in *United States v. Atole*, 1:25-cr-03360-MLG (D.N.M.), filed Aug. 26, 2024; Indictment, ECF no. 2 in *United States v. Magnuson*, 1:25-cr-03856-KWR (D.N.M.), filed Sept. 23, 2025; Indictment, ECF no. 2 in *United States v. Lucero*, 1:25-cr-03859-KWR (D.N.M.), filed Sept. 23, 2025; Indictment, ECF no. 2 in *United States v. Othermedicine*, 1:25-cr-03860-DHU (D.N.M.), filed Sept. 23, 2025; Indictment, ECF no. 2 in *United States v. Gallegos*, 1:25-cv-03863-DHU (D.N.M.), filed Sept. 23, 2025; Indictment, ECF no. 2 in *United States v. Urioste*, 1:25-cr-04140-KG (D.N.M.), filed Oct. 7, 2025; Indictment, ECF no. 2 in *United States v. James*, 1:25-cr-04142-KWR (D.N.M.), filed Oct. 7, 2025; Indictment, ECF no. 2 in *United States v. Estrada*, 1:25-cr-04147-DHU (D.N.M.), filed Oct. 7, 2025; Indictment, ECF no. 2 in *United States v. Robertson*, 1:25-cr-04407-MLG (D.N.M.), filed Oct. 21, 2025; Indictment, ECF no. 2 in *United States v. Whiteeagle*, 1:25-cr-04650-DHU (D.N.M.), filed Nov. 4, 2025; Indictment, ECF no. 4 in *United States v. Mika*, 1:25-cr-04824-DHU (D.N.M.), filed Nov. 18, 2025; Indictment, ECF no. 15 in *United States v. Pablo*,

indictments and disqualification of the United States Attorney ("Motions").[2] The Motions are premised on the argument that Ryan Ellison (who claims to be the Acting United States Attorney for the District of New Mexico) is not validly acting as United States Attorney. Defendants seek to void the actions of the United States Attorney's Office ("USAO") occurring after the date of Mr. Ellison's resignation as interim United States Attorney, August 13, 2025, including the decisions to file and continue to pursue charges against them because Mr. Ellison lacks lawful authority to exercise the functions and duties of a United States Attorney. Defendants also seek to disqualify Mr. Ellison, and any attorneys acting under his direction, from any role in supervising and participating in their cases. The USAO opposes Defendants' Motions, arguing that Mr. Ellison is the validly serving as Acting United States Attorney under 5 U.S.C. § 3345(a),

---

1:25-cr-05037-DHU (D.N.M.), filed Dec. 3, 2025; Indictment, ECF no. 20 in *United States v. Guliford*, 1:25-cr-05049-JB (D.N.M.), filed Dec. 3, 2025.

[2] Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 28 in *United States v. Atole*, 1:25-cr-03360-MLG (D.N.M.), filed Dec. 5, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 12 in *United States v. Magnuson*, 1:25-cr-03856-KWR (D.N.M.), filed Nov. 12, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Lucero*, 1:25-cr-03859-KWR (D.N.M.), filed Nov. 25, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Othermedicine*, 1:25-cr-03860-DHU (D.N.M.), filed Nov. 17, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 23 in *United States v. Gallegos*, 1:25-cr-03863-DHU (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Urioste*, 1:25-cr-04140-KG (D.N.M.), filed Jan. 9, 2026; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. James*, 1:25-cr-04142-KWR (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 24 in *United States v. Estrada*, 1:25-cr-04147-DHU (D.N.M.), filed Jan. 9, 2026; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Robertson*, 1:25-cr-04407-MLG (D.N.M.), filed Dec. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. Whiteeagle*, 1:25-cr-04650-DHU (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Mika*, 1:25-cr-04824-DHU (D.N.M.), filed Dec. 5, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Pablo*, 1:25-cr-05037-DHU (D.N.M.), filed Dec. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 25 in *United States v. Guliford*, 1:25-cr-05049-JB (D.N.M.), filed Dec. 10, 2025.

Because the Motions, subsequent briefing on the Motions, exhibits, and other relevant filings in each case are substantively identical (*see* Motion Management Order, ECF no. 18 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 15, 2025), this Memorandum Decision and Order will cite only to the Motion, subsequent briefing, exhibits, and other relevant filings made in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), from this point on.

and that even if he were not, neither dismissal nor disqualification is an appropriate remedy for Defendants.³

Briefing on Defendants' Motions trailed that of nearly identical motions filed in numerous other cases.⁴ Determination on Defendants' Motions was, therefore, stayed pending the issuance of a ruling on the motions filed in the other cases.⁵ And Defendants and the USAO

---

³ Response in Opposition to Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 23 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 17, 2025.

⁴ *See* Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 111 in *United States v. Ramirez-Martinez*, 1:22-cr-01721-KWR (D.N.M.), filed Sept. 17, 2025; Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 100 in *United States v. Brady*, 1:24-cr-01105-MLG (D.N.M.), filed Sept. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 21 in *United States v. Esqueda*, 1:25-cr-03250-JB (D.N.M.), filed Oct. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Chee*, 1:25-cr-03353-JB (D.N.M.), filed Sept. 30, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Black*, 1:25-cr-03354-MLG (D.N.M.), filed Sept. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 19 in *United States v. Kee*, 1:25-cv-03356-KG (D.N.M.), filed Sept. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, EFC no. 16 in *United States v. Gunther*, 1:25-cr-03366-JB (D.N.M.), filed Sept. 15, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Sept. 12, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 22 in *United States v. SEALED*, 1:25-cr-03837-MLG (D.N.M.), filed under seal Oct. 7, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 21 in *United States v. Poellnitz*, 1:25-cr-03858-KG (D.N.M.), filed Oct. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Dominguez*, 1:25-cr-03864-KG (D.N.M.), filed Oct. 14, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 19 in *United States v. Sedillo*, 1:25-cr-03865-JB (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Lopez*, 1:25-cr-04139-DHU (D.N.M.), filed Oct. 30, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Grey*, 1:25-cr-04141-KG (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Cleveland*, 1:25-cr-04145-DHU (D.N.M.), filed Oct. 16, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. Archuleta*, 1:25-cr-04412-DHU (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 26 in *United States v. Benally*, 1:25-cr-04413-KG (D.N.M.), filed Nov. 4, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. McAfee*, 1:25-cr-04418-MLG (D.N.M.), filed Nov. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Martinez*, 2:25-cr-03253-SMD (D.N.M.), filed Sept. 10, 2025.

Because the motions, subsequent briefing on the motions, exhibits, and other relevant filings in each of these other cases are substantively identical (*see* Motion Management Order, ECF no. 31 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Sept. 24, 2025), this Memorandum Decision and Order will cite only to the motion, subsequent briefing, exhibits, and other relevant filings made in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), from this point on.

⁵ Motion Management Order ¶ 6 at 4, ECF no. 18 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 15, 2025.

3

were ordered to file any surreply addressing new matters within seven days after a ruling's issuance in the other cases.[6]

Oral argument on the motions filed in the other cases was held on November 14, 2025.[7] On January 14, 2026, a memorandum decision and order on the motions in the other cases entered.[8] The memorandum decision determined that Ryan Ellison is not, and was never, validly acting as United States Attorney for the District of New Mexico under 5 U.S.C. § 3345(a)(1), and that he has been invalidly claiming to serve in that capacity since his resignation as interim United States Attorney on August 13, 2025.[9] The memorandum decision and order further determined that Mr. Ellison may not perform the functions and duties of the United States Attorney as Acting United States Attorney, and that any claim, assertion, or statement of Mr. Ellison, the USAO, or the administration that he is the Acting United States Attorney, or interim United States Attorney, or United States Attorney is improper and inaccurate.[10] The memorandum decision and order indicated that after its entry, papers filed with those designations of Mr. Ellison in the cases are improper and should be stricken.[11]

However, the memorandum decision and order also determined the defendants' indictments and charges would not be dismissed because they were lawfully signed by other attorneys for the government and there was no showing of due process violations or other

---

[6] *Id*. ¶ 7 at 4.

[7] Clerk's Minutes for Proceedings Held Before District Judge David Nuffer, ECF no. 49 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Nov. 14, 2025; Revised Redacted Transcript of Proceedings, ECF no. 56 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 18, 2025.

[8] Memorandum Decision and Order Granting in part and Denying in part Motions to Dismiss and Disqualify, ECF no. 59 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Jan. 14, 2026.

[9] *Id*. at 52.

[10] *Id*.

[11] *Id*.

irregularities in the defendants' prosecutions resulting from Mr. Ellison's claimed service as Acting United States Attorney.[12] The memorandum decision and order also determined that Mr. Ellison is validly serving as the First Assistant United States Attorney ("FAUSA") for the District of New Mexico and may perform the functions and duties of *that* position and as validly delegated to him by Attorney General Pamela Bondi's December 4, 2025, order.[13] This includes "authority to supervise and conduct legal proceedings" in the District of New Mexico and "supervising the conduct of Assistant United States Attorneys and Special Assistant United States Attorneys working on such proceedings."[14] And the memorandum decision and order determined that neither Mr. Ellison nor other attorneys of the USAO would be disqualified from the defendants' cases.[15]

Notice of the memorandum decision and order's issuance was filed in Defendants' cases on January 15, 2026.[16] More than seven days have now passed since the memorandum decision and order's issuance and neither Defendants nor the USAO have filed a surreply, or any other brief or paper relevant to the disposition of Defendants' Motions. And no party has sought an extension of time, or leave to file any additional briefing regarding Defendants' Motions.

There are no material factual or substantive distinctions between the issues and arguments raised in Defendants' Motions and those of the motions filed in the other cases.[17] Oral

---

[12] *Id*. at 53.

[13] *Id*.

[14] *Id*. (quoting Order, Attorney General Pamela Bondi, Authorizing Ryan Ellison to Perform the Functions of the United States Attorney for the District of New Mexico, Dec. 4, 2025, ECF no. 54-1 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025).

[15] *Id*.

[16] Notice, ECF no. 43 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Jan. 15, 2026.

[17] *Compare* Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 10, 2025; Supplemental brief in Support of Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 16, 2025; Response in Opposition to Defendant's Motion to Dismiss Indictment and Disqualify

argument on Defendants' Motions is, therefore, unnecessary and would not affect the Motions' disposition. Defendants' Motions are ripe for determination.

The discussion, analysis, findings, and conclusions of the memorandum decision and order entered in the other cases apply equally to the facts, issues, and arguments raised in Defendants' Motions, and dictate the same result. Therefore, the discussion, analysis, findings, and conclusions of the memorandum decision and order entered in the other cases[18] are incorporated into this Memorandum Decision and Order. Defendants' Motions are GRANTED in part because Ryan Ellison is not validly acting as United States Attorney for the District of New Mexico. Defendants' Motions are DENIED in part because Defendants fail to demonstrate that dismissal of their indictments or disqualification of Mr. Ellison (or other attorneys within the USAO) are appropriate remedies.

---

United States Attorney, ECF no. 23 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 17, 2025; Notice of Supplemental Authority, ECF no. 24 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 17, 2025; Reply in Support of Motio to Dismiss Indictment and Disqualify United States Attorney, ECF no. 29 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Jan. 13, 2026; *with* Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Sept. 12, 2025; Amended Response in Opposition to Defendant's Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 35 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Oct. 14, 2025; Reply in Support of Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 41 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Oct. 24, 2025; Notice of Supplemental Authority, ECF no. 42 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Oct. 29, 2025; Supplemental Brief in Support of Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 53 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025; Supplemental Briefing by the United States, ECF no. 54 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025; Response to Government's Supplemental Briefing, ECF no. 57 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 18, 2025; United States' Response to Defendants' Supplemental Brief, ECF no. 58 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 19, 2025.

[18] Memorandum Decision and Order Granting in part and Denying in part Motions to Dismiss and Disqualify at 5-53, ECF no. 59 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Jan. 14, 2026.

1  **ORDER**

IT IS HEREBY ORDERED that Defendants' Motions[19] are GRANTED in part and DENIED in part.

Ryan Ellison is not, and was never, validly acting as United States Attorney for the District of New Mexico under 5 U.S.C. § 3345(a)(1). He has been invalidly claiming to serve in that capacity since his resignation as interim United States Attorney on August 13, 2025. Mr. Ellison may not perform the functions and duties of the United States Attorney as Acting United States Attorney. And any claim, assertion, or statement of Mr. Ellison, the USAO, or the administration that he is the Acting United States Attorney, or interim United States Attorney, or United States Attorney is improper and inaccurate. After entry of this Memorandum Decision and Order, papers filed with those designations in these cases are improper and should be stricken.

However, Defendants' indictments and charges will not be dismissed, as they were lawfully signed by other attorneys for the government and there has been no showing of due

---

[19] Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 15 in *United States v. Gomez*, 1:25-cr-03351-MLG (D.N.M.), filed Dec. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 28 in *United States v. Atole*, 1:25-cr-03360-MLG (D.N.M.), filed Dec. 5, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 12 in *United States v. Magnuson*, 1:25-cr-03856-KWR (D.N.M.), filed Nov. 12, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Lucero*, 1:25-cr-03859-KWR (D.N.M.), filed Nov. 25, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Othermedicine*, 1:25-cr-03860-DHU (D.N.M.), filed Nov. 17, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 23 in *United States v. Gallegos*, 1:25-cr-03863-DHU (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Urioste*, 1:25-cr-04140-KG (D.N.M.), filed Jan. 9, 2026; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. James*, 1:25-cr-04142-KWR (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 24 in *United States v. Estrada*, 1:25-cr-04147-DHU (D.N.M.), filed Jan. 9, 2026; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 16 in *United States v. Robertson*, 1:25-cr-04407-MLG (D.N.M.), filed Dec. 3, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 17 in *United States v. Whiteeagle*, 1:25-cr-04650-DHU (D.N.M.), filed Dec. 1, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 18 in *United States v. Mika*, 1:25-cr-04824-DHU (D.N.M.), filed Dec. 5, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 20 in *United States v. Pablo*, 1:25-cr-05037-DHU (D.N.M.), filed Dec. 10, 2025; Motion to Dismiss Indictment and Disqualify United States Attorney, ECF no. 25 in *United States v. Guliford*, 1:25-cr-05049-JB (D.N.M.), filed Dec. 10, 2025.

process violations or other irregularities in Defendants' prosecutions resulting from Mr. Ellison's claimed service as Acting United States Attorney. Mr. Ellison also remains the FAUSA for the District of New Mexico and may perform the functions and duties of *that* position and as validly delegated by Attorney General Pamela Bondi's December 4, 2025, order. This includes "authority to supervise and conduct legal proceedings" in the District of New Mexico and "supervising the conduct of Assistant United States Attorneys and Special Assistant United States Attorneys working on such proceedings."[20] And neither Mr. Ellison nor other attorneys of the USAO are disqualified from Defendants' cases.

Signed January 29, 2026.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[20] Order, Attorney General Pamela Bondi, Authorizing Ryan Ellison to Perform the Functions of the United States Attorney for the District of New Mexico, Dec. 4, 2025, ECF no. 54-1 in *United States v. Garcia*, 1:25-cr-03549-JB (D.N.M.), filed Dec. 5, 2025.